IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:21-CT-3132-FL

| | |
|---|---|
| ERIC MORRISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| NURSE C. MEYER, ) | |
| ) | |
| Defendant.[1] ) | |
| ) | |

This matter is before the court on defendant's motion to dismiss or in the alternative for summary judgment (DE 43). Plaintiff did not respond to the motion, and in this posture, the issues raised are ripe for ruling.

### STATEMENT OF THE CASE

Plaintiff, a former federal inmate proceeding pro se, commenced this action by filing a complaint on May 17, 2021, asserting claims for violations of his civil rights pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). On July 29, 2021, the case was dismissed based on plaintiff's failure to correct filing deficiencies. On February 15, 2022, the court granted plaintiff's motion for reconsideration and reopened the case. Plaintiff was directed to file an amended complaint particularizing his claims on November 30,

---

[1] The court constructively amends the case caption to reflect dismissal of formerly named defendants LSCI-Butner and Tamara Lyn on December 1, 2023.

2022. Plaintiff filed an amended complaint as directed on January 5, 2023, alleging defendants were deliberately indifferent to his serious medical needs.

On February 28, 2023, the court dismissed the action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff appealed. On June 27, 2023, the United States Court of Appeals for the Fourth Circuit dismissed the appeal and remanded the case for further consideration. On December 1, 2023, the court reevaluated its initial review of plaintiff's claims and allowed the matter to proceed on the claim that defendant Nurse C. Meyer ("Meyer") failed to administer plaintiff's prescribed medication.

On February 1, 2024, defendant Meyer filed the instant motion to dismiss or in the alternative for summary judgment. In support of the motion, defendant relies upon memorandum of law, statement of material facts, and appendix of exhibits thereto comprised of defendant's declaration. The court provided plaintiff notice of the motion and instructions for responding, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Plaintiff, however, did not respond to the motion within the extended response period.

## DISCUSSION

A.  Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party must

2022. Plaintiff filed an amended complaint as directed on January 5, 2023, alleging defendants were deliberately indifferent to his serious medical needs.

On February 28, 2023, the court dismissed the action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff appealed. On June 27, 2023, the United States Court of Appeals for the Fourth Circuit dismissed the appeal and remanded the case for further consideration. On December 1, 2023, the court reevaluated its initial review of plaintiff's claims and allowed the matter to proceed on the claim that defendant Nurse C. Meyer ("Meyer") failed to administer plaintiff's prescribed medication.

On February 1, 2024, defendant Meyer filed the instant motion to dismiss or in the alternative for summary judgment. In support of the motion, defendant relies upon memorandum of law, statement of material facts, and appendix of exhibits thereto comprised of defendant's declaration. The court provided plaintiff notice of the motion and instructions for responding, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Plaintiff, however, did not respond to the motion within the extended response period.

## DISCUSSION

A.  Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party must

then "come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986) (internal quotation omitted).

Only disputes between the parties over facts that might affect the outcome of the case properly preclude entry of summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party). "[A]t the summary judgment stage the [court's] function is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. In determining whether there is a genuine issue for trial, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [non-movant's] favor." Id. at 255; see United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in [affidavits, attached exhibits, and depositions] must be viewed in the light most favorable to the party opposing the motion.").

Nevertheless, "permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to withdraw the case from the [factfinder] when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Lovelace v. Sherwin–Williams Co., 681 F.2d 230, 241 (4th Cir. 1982) (quotations omitted). Thus, judgment as a matter of law is warranted where "the verdict in favor of the non-moving party would necessarily be based on speculation and conjecture." Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir. 2005). By contrast, when "the evidence as a whole is susceptible of

3

more than one reasonable inference, a [triable] issue is created," and judgment as a matter of law should be denied. Id. at 489–90.

B. Analysis

Defendants have satisfied their burden of identifying the portions of the record that demonstrate the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323; (see Def's Mot. (DE 43); Def's Mem. (DE 44)). The burden therefore shifts to plaintiff to "come forward with specific facts showing that there is a genuine issue for trial." Matsushita, 475 U.S. at 586–87. Plaintiff has not met this burden where he failed to respond to the instant motion and his complaints are not verified. See Celotex, 477 U.S. at 324; Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) (holding only verified complaint can defeat an otherwise properly supported motion for summary judgment). Accordingly, defendant Meyer is entitled to judgment as a matter at law.

## CONCLUSION

Based on the foregoing, defendant's motion for summary judgment (DE 43) is GRANTED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 20th day of May, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge